# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.B., A.B., and L.B.**

**No. 25-168** (Jefferson County CC-19-2023-JA-46, CC-19-2023-JA-47, and CC-19-2024-JA-90)

## MEMORANDUM DECISION

Petitioner Mother D.T.[1] appeals the Circuit Court of Jefferson County's February 3, 2025, order, terminating her parental, custodial, and guardianship rights to D.B., A.B., and L.B., arguing that the circuit court erred in finding that aggravated circumstances existed, imposing limitations on her post-adjudicatory improvement period, and terminating her rights to L.B. specifically.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's February 3, 2025, order and remanding the matter is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In September 2023, the DHS filed an abuse and neglect petition alleging that the petitioner had sexually abused a thirteen-year-old boy, M.L. (a family friend), while D.B. and A.B. were in the home.[3] Specifically, the DHS alleged that the petitioner admitted to having intercourse with M.L. in the same room as her children (with one child asleep in the same bed and another in a separate bed) when M.L. spent the night at her home and that she was charged with third-degree sexual assault.

At the adjudicatory hearing in December 2023, the petitioner stipulated to these allegations and the circuit court adjudicated her as an abusive and/or neglectful parent of D.B. and A.B., specifically finding that the children were abused due to the petitioner's sexual abuse of M.L. The petitioner moved for a post-adjudicatory improvement period, but the DHS and the guardian objected. The circuit court held the petitioner's motion in abeyance.

---

[1] The petitioner appears by counsel Elizabeth L. Diehl. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Pamela J. Games-Neely appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petition concerned another child who is not at issue in this appeal. Furthermore, L.B. was born after the initial petition was filed.

The circuit court then held a series of hearings addressing both the petitioner's motion and the issue of whether the petitioner's conduct constituted aggravated circumstances so as to relieve the DHS of its statutory duty to make reasonable efforts to preserve the family. M.L.'s grandmother testified that she was M.L.'s legal guardian and allowed M.L. to spend the night at the petitioner's house when the abuse occurred. The petitioner testified that there was never an official agreement granting her custody of M.L. and that, although the child frequently spent time at her house, he was always "free to leave." The petitioner recounted that she sexually abused M.L. multiple times in the home, sometimes when she was the only adult present. Lastly, the petitioner claimed that she was willing to participate in services. The petitioner's psychological evaluator testified that the petitioner would benefit from therapy and other services to help address her sexually predatory behavior so as to decrease the probability of further sexual abuse. At the conclusion of the hearing, the court found that the petitioner had temporary custody of M.L. when she sexually abused him while another child was present in the same bed and, therefore, aggravated circumstances existed. As such, the court recognized that "the [DHS was] not required to provide an improvement period." However, the circuit court proceeded to grant the petitioner's motion for a post-adjudicatory improvement period, explaining that it was granted *not* for the purpose of reunification, but rather to provide the petitioner with sex offender treatment to protect children in the community. The petitioner's counsel objected to this limitation. The terms of the improvement period required the petitioner, among other things, to complete an addiction severity index ("ASI") evaluation, participate in individual counseling and classes to help address the issue of sexual abuse, and provide the DHS with weekly updates.

The DHS amended its petition in September 2024 following L.B.'s birth, alleging that L.B. was abused and/or neglected due to the "prior involuntary termination" of the petitioner's parental rights to D.B. and A.B. In response, the petitioner filed a motion to dismiss the amended petition, arguing that her parental rights to the older children remained intact.[4] In an order from November 2024, the circuit court simply stated that "[t]here has been an additional child born and the Court believes that based on the aggravated circumstances previously found that the [DHS] is not required to explore an improvement period for that child, even though she [was] receiving non-reunification improvement period services in the original case." The circuit court failed to hold an adjudicatory hearing regarding L.B. After a final dispositional hearing in January 2025, the circuit court terminated the petitioner's parental, custodial, and guardianship rights to all three children.[5] It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner challenges the circuit court's finding that aggravated circumstances existed, arguing that she did not have temporary custody of M.L. at the time she was alleged to have sexually abused him. Under West Virginia Code § 49-4-604(c)(7)(B)(vi), "[f]or purposes of the court's consideration of the

---

[4] It is unclear whether the circuit court ruled on the petitioner's motion.

[5] The children's father's parental rights were also terminated. The permanency plan for all three children is adoption in their current placement.

disposition custody of a child pursuant to this subsection, the [DHS] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has . . . [c]ommitted . . . sexual abuse of the child . . . or any other child . . . under the *temporary . . . custody* of the parent." (emphasis added). West Virginia Code § 49-1-204 explicitly states that a "custodian" is "a person who has or shares actual physical possession or care and custody of a child, *regardless* of whether that person has been granted custody of the child by any contract or agreement." (Emphasis added). Here, the petitioner does not dispute that M.L. was spending the night at her home when she sexually abused him, which clearly establishes that the petitioner had actual physical possession of the child during his stay. The petitioner also admitted that she sexually abused the child at times when she was the sole adult in the home. Such circumstances, by definition, categorize the petitioner as M.L.'s "custodian" regardless of whether she was formally granted custody by contract or agreement. *See In re A.M.*, 243 W. Va. 593, 600, 849 S.E.2d 371, 378 (2020) (finding that although a father had no formal rights to H.L., the child he sexually abused, he nevertheless acted as the child's custodian when the child spent the night at his home where the abuse occurred). Because the petitioner had temporary custody of M.L. and admitted to sexually abusing the child while D.B. and A.B. were present, the circuit court's finding that aggravated circumstances existed was justified. We therefore conclude that the circuit court did not err.

Next, the petitioner argues that the circuit court erred in limiting the purpose of her post-adjudicatory improvement period. We disagree. As we have repeatedly explained, a circuit court maintains discretion in deciding whether to grant a parent an improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Further, we have previously upheld a circuit court's decision to limit the purpose of an improvement period for goals *other* than reunification. *See In re L.G.*, No. 20-0586, 2021 WL 982609 at *4 (W. Va. Mar. 16, 2021) (memorandum decision) (upholding a circuit court's decision to limit the purpose of a post-dispositional improvement period to address only whether visitation was in the child's best interest). Here, the circuit court heard evidence regarding the severity of the sexual abuse perpetrated by the petitioner and that implementing services to address her sexual proclivities would protect children in the community. Given that the DHS was relieved of its duty to make reasonable efforts to preserve the family, especially considering the severity of the petitioner's conduct, the circuit court had a sufficient basis to exercise its discretion to limit the purpose of the petitioner's improvement period so as to solely address her sexually predatory behavior. *See also Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). Thus, the circuit court did not err.

Finally, the petitioner argues that the circuit court erred in terminating her rights to L.B.[6] On this, we agree. Concerningly, the circuit court failed to hold an adjudicatory hearing regarding L.B. and, therefore, failed to make any of the adjudicatory findings required to proceed to

---

[6] On appeal, the DHS and the guardian concede that the circuit court erred by failing to hold an adjudicatory hearing for L.B. and agree that the dispositional order should be vacated and the matter remanded for proper compliance with the rules governing these proceedings.

disposition for this child.[7] We have emphasized that "the statutory structure is clear and before a court can begin to make any dispositional alternatives under [West Virginia Code § 49-6-604], it must have held a hearing under [West Virginia Code § 49-6-601], and have determined 'whether such child is abused or neglected.'" *State v. T.C.*, 172 W. Va. 47, 50, 303 S.E.2d 685, 688 (1983) (internal citation omitted). These "[s]pecific findings of fact explaining how each child's health and welfare is being harmed or threatened by the abusive or neglectful conduct of the parties named in the petition are a *statutory prerequisite* for the circuit court to proceed to the dispositional phase." Syl. Pt. 4, in part, *In re R.M.*, 252 W. Va. 422, 923 S.E.2d 352 (2025) (emphasis added). Accordingly, the circuit court's subsequent termination of the petitioner's rights to L.B. was improper and warrants vacation, in part, of the resulting dispositional order. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) ("Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001))).

For the foregoing reasons, we affirm, in part, the circuit court's February 3, 2025, dispositional order[8] as it relates to D.B. and A.B.; vacate, in part, this order as it relates to L.B.; and remand the case for further proceedings. On remand, the circuit court is instructed to ensure compliance with the rules governing child abuse and neglect proceedings, specifically those governing abuse and neglect petitions and the adjudicatory process. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part; vacated, in part; and remanded.

**ISSUED**: June 1, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[7] We further note that, as the DHS concedes on appeal, the amended petition included only one allegation concerning L.B., and that allegation was factually incorrect. As the DHS correctly notes, the petitioner's parental rights to D.B. and A.B. had *not* been involuntarily terminated when the DHS filed the amended petition. On remand, the circuit court is directed to permit the DHS to file an amended petition.

[8] The petitioner does not challenge the termination of her parental rights to D.B. and A.B. Furthermore, the dispositional order makes findings regarding the father. Accordingly, we clarify that our decision today to partly vacate the dispositional order is limited to the findings regarding L.B. and has no effect on the court's decision as it pertains to D.B., A.B., and the father.

4